IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONTRACTORS BONDING AND INSURANCE COMPANY<br><br>          Plaintiff,<br><br>          v.<br><br>J&A CONSTRUCTION SERVICES CORP et al<br><br>          Defendant. | CIVIL ACTION NO. 23-382 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                                                             **August 26, 2024**

Plaintiff Contractors Bonding and Insurance Company ("CBIC") moves for default judgment against Defendant J&A Construction Services Corp. ("J&A") pursuant to Federal Rule of Civil Procedure 55(b)(2).[1] Plaintiff seeks a declaration that it has no duty to defend or indemnify J&A in two cases pending in the Philadelphia Court of Common Pleas. No counsel for J&A has entered an appearance, and no opposition to the motion has been filed. For the reasons stated below, Plaintiff's motion will be granted.

**I.**     **BACKGROUND**

J&A is a "demolition, excavation, and foundation specialist contractor."[2] Defendants RDM Construction, LLC and 2835 Poplar L.L.C. entered into a subcontract with J&A "to excavate and install a new foundation at 2835 Poplar Street, upon which a newly constructed residence [was] intended to be built."[3] RDM Construction was a construction project

---

[1] Mot. Default J. [Doc. No. 30].

[2] Am. Compl. [Doc. No. 18] ¶ 11.

[3] *Id.*

management company and the general contractor.[4] 2835 Poplar L.L.C. was the owner of the property at the relevant time.[5]

On May 27, 2022, J&A and RDM entered the agreement for work on "2835 Poplar Street New Construction - Multi Family."[6] Pedro Palmer Construction obtained the commercial permit on behalf of 2835 Poplar L.L.C. and RDM. The permit states that it is "[f]or the erection of a four (4) story structure with roof decks, rear decks, and roof deck access structure; [f]or use as a *four (4) family dwelling* as per approved plans.[7] The permit expressly states on its face that 2835 Poplar Street is an "Apartment."[8] Defendants 2835 Poplar L.L.C. and RDM admit in their answer that "[t]he project involves construction of apartments. . . ."[9]

CBIC issued a Commercial Lines Policy to "J&A Construction Services Jose Claudio Da Silva DBA," effective November 23, 2021 to November 23, 2022.[10] The insurance provided under the CBIC Policy has an exclusion clause, stating that it does not apply to "property damage" arising out of J&A's work at any "common interest development."[11] The Policy expressly defines a "common interest development" to include a "community apartment project."[12]

The plaintiffs in the underlying litigations in the Philadelphia Court of Common Pleas live in the properties adjoining 2835 Poplar Street, and allege that J&A negligently carried out

---

[4] Am. Compl. [Doc. No. 18] ¶ 10.

[5] *Id.* ¶ 9.

[6] *Id.* ¶¶ 68, 69.

[7] Am. Compl., Ex. A, Commercial Building Permit [Doc. No. 18-1] at ECF 40 (emphasis added).

[8] *Id.*

[9] Ans. [Doc. No. 21] ¶ 77.

[10] Am. Compl., Ex. "D", CBIC Policy [Doc. No. 18-4] at ECF 3.

[11] *Id.* at ECF 73.

[12] *Id.*

demolition and excavation activities, which caused significant damage to these adjacent properties. CBIC initially agreed to defend J&A in the underlying litigation, under a full reservation of rights to later disclaim any duty to defend or indemnify under the CBIC Policy and to recover defense costs advanced on behalf of J&A.[13] CBIC then filed this declaratory judgment action. RDM Construction and 2835 Poplar L.L.C. have answered the Amended Complaint.[14] J&A has not responded, although personal service was effected on J&A. The Clerk's Office entered default against J&A, and CBIC now seeks a default judgment.

## II.    LEGAL STANDARD

Federal Rules of Civil Procedure 55(b)(2) allows a district court to enter default judgment against a properly served defendant who fails to file a timely responsive pleading.[15] When considering a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[16] Entry of default judgment is a matter within the sound discretion of the district court.[17] Before granting a default judgment, the court must consider whether "the unchallenged facts constitute a legitimate cause of action. . . ."[18] The court may also consider, as a threshold matter, whether it has jurisdiction over the party against whom default judgment is requested and whether service of process was proper.[19]

Once it is established that there is a legitimate cause of action, the court must evaluate the

---

[13] Am. Compl. [Doc. No. 18] ¶ 92; *see also* Am. Compl., Ex. "E", Reservation of Rights [Doc. No. 18-5] at ECF 15.
[14] Ans. [Doc. No. 21].
[15] *See Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).
[16] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted).
[17] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citations omitted).
[18] *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018).
[19] *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

three *Chamberlain* factors to assess whether it should grant default judgment.[20] The factors are: (1) the potential for prejudice to the plaintiff if default judgment is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's failure to respond is due to culpable conduct.[21]

### III.   DISCUSSION

#### A.   Cause of Action

Since J&A was properly served,[22] this Court must determine whether to exercise its jurisdiction under the Declaratory Judgment Act ("DJA"). "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'"[23] In light of the underlying state suits, this Court has jurisdiction to consider whether CBIC has a duty to defend and indemnify J&A and it will exercise that jurisdiction.

The Court must next determine whether the Amended Complaint alleges facts to show that CBIC has no duty to defend or indemnify J&A based on the terms of the Policy. It is well-established in Pennsylvania that an insurer's duty to defend must be considered in light of the insurance policy as it relates to the allegations in the complaint.[24] To consider whether CBIC has

---

[20] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

[21] *Id.*

[22] The Amended Complaint was served upon J&A via certified mail on September 12, 2023, and was then served via personal service on J&A on November 20, 2023. *See* Affidavits of Service [Doc. No. 20, 27].

[23] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)).

[24] *See Kvaerner U. S., Inc. v. Commer. Union Ins. Co.*, 908 A. 2d 888, 896 (Pa. 2006); *Zurich American Insurance Company v. Gutowski,* 644 F. Supp. 3d 123, 138 (E.D. Pa. 2022) ("In determining whether a duty to defend exists, the Court compares the four corners of the underlying complaint to the policy language" and applying Pennsylvania law).

a duty to defend, "the court must compare the allegations in the complaint with the provisions of the insurance contract and determine whether, if the complaint allegations are proven, the insurer would have a duty to indemnify the insured."[25] Since a duty to defend is broader than a duty to indemnify, a finding that one does not have a duty to defend will also preclude a duty to indemnify.[26]

CBIC has the burden of "proving the applicability of any exclusions or limitations on coverage" and it has met its burden.[27] The express words of the policy establish that CBIC has no duty to defend or indemnify J&A. The CBIC policy does not cover property damage arising out of work performed at a "common interest development," which includes a "community apartment project."[28] A community apartment project is defined in the policy as "a development in which an undivided interest in real property is coupled with the right of exclusive occupancy of any apartment located on the property."[29]

The owner of the property at 2835 Poplar Street admitted in its answer that the project involved the "construction of apartments."[30] Furthermore, the building permit from the city states that the project is "[f]or the erection of a four (4) story structure with roof decks, rear decks, and roof deck access structure; [f]or use as a *four (4) family dwelling* as per approved plans." [31] The permit describes the type of structure as an "apartment."[32] CBIC's Policy with

---

[25] *Keystone Spray Equip., Inc. v. Regis Ins. Co.*, 767 A.2d 572, 574 (Pa. Super. 2001) (citations omitted).

[26] *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 225 (3d Cir. 2005) ("Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend.").

[27] *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.,* 98 F.3d 1440, 1446 (3d Cir. 1996).

[28] Am. Compl., Ex. "D", CBIC Policy [Doc. No. 18-4] at ECF 73.

[29] *Id.*

[30] Ans. [Doc. No. 21] ¶ 77.

[31] Am. Compl., Ex. A, Commercial Building Permit [Doc. No. 18-1] at ECF 40 (emphasis added).

[32] *Id.*

5

J&A expressly excludes coverage of this type of multi-unit building, thereby meaning CBIC has no duty to defend or indemnify J&A in the state litigations.

    **B.    Chamberlain Factors**

Each of the three *Chamberlain* factors weighs in favor of granting default judgment. As to the first factor, Plaintiff will be prejudiced if default judgment is not entered in its favor. Defendant has been properly served and had its opportunity to contest the claims made against it. Defendant has not responded in any way. Therefore, denying the request for default judgment "will prejudice [Plaintiff] because Plaintiff has no other means of vindicating [its] claims against Defendant."[33]

Second, Defendant does not appear to have a litigable defense. Defendant has not asserted any defense in this action by responding to the Complaint or by otherwise contesting the allegations. The Court has no "responsibility to research the law and construct the parties' arguments for them,"[34] and as discussed above, the Policy does not provide coverage as a matter of law.

Finally, as for the third *Chamberlain* factor, it was Defendant's culpable conduct that caused this default. Culpable conduct refers to actions that are "taken willfully or in bad faith."[35] J&A has failed "to engage in the litigation process and to offer [any] reason for this failure."[36] Because Defendant was properly served with a copy of the summons and complaint, yet they

---

[33] *Harty v. Azad Holdings LLC*, No. 14-6566, 2016 WL 4045338, at *3 (E.D. Pa. July 27, 2016) (quotations and citations omitted).

[34] *Travelers Cas. & Sur. Co. of Am. v. Perlman*, 351 F. Supp. 3d 930, 933 (E.D. Pa. 2019) (quoting *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271–72 (E.D. Pa. 2014)).

[35] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citations omitted).

[36] *Commodity Futures Trading,* No. 18-1585, 2020 WL 7122418, at *3 (E.D. Pa. 2020) (internal quotations omitted).

failed to respond, the Court is unable to "find [any] excuse or justification for default, apart from Defendant[s'] own culpability."[37]

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment will be granted. An order will be entered.

---

[37] *Einhorn v. Klayman Produce Co., Inc*., No. 13-1720, 2013 WL 6632521, at *4 (E.D. Pa. Dec. 17, 2013) (quotations and citations omitted).